UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF PENNSYLVANIA

IN RE:                                                            BANKRUPTCY NO: 11-22840-JAD

GARY REINERT, SR.,                                   CHAPTER 7

DEBTOR.

_____

GARY REINERT, SR.,                                   Related to Doc. No. 1791

MOVANT,

v.                                                                   **FILED**

OFFICE OF THE U.S. TRUSTEE,               **JAN 2 3 2020**

RESPONDENT.                                            CLERK, U.S. BANKRUPTCY COURT
                                                                    WEST DIST. OF PENNSYLVANIA

REPORT AND RECOMMENDATION

COMES NOW the United States Trustee, Andrew R. Vara, through his undersigned

counsel, and respectfully submits this Report and Recommendation as ordered by the Court:

1.      Gary Reinert, Sr. ("Debtor") filed for bankruptcy relief under chapter 11 of the

Bankruptcy Code on May 2, 2011.

2.      The Debtor represented on his schedules that he owned Metal Foundations LLC.

3.      The Court converted the Debtor's case to chapter 7 by Order filed March 2, 2012.  After

much litigation, the case was closed April 5, 2017.

4.      Prior to the Debtor's most recent filings in this Honorable Court, which commenced in

November 2019, the United States Trustee, as well as other Federal law enforcement agencies,

met with the Debtor to review his current allegations.  Specifically, the Debtor met with

representatives from the United States Attorney, the Federal Bureau of Investigation, and the

United States Trustee on August 29, 2019. In addition to meeting with the Debtor, the United

States Trustee reviewed numerous documents submitted by the Debtor at the referenced meeting.

5.      The United States Trustee has experienced difficulty following the Debtor's allegations at

times. However, the allegations advanced at that meeting appear to be similar to the allegations

that he transmitted to the Court via his Petition for Ex Parte Conference with the Court.

6.      The essence of the Debtor's complaint appears to be that he did not actually own Metal

Foundations LLC when he filed bankruptcy because Fred McMillen, Gary Reinert, Jr., Don

Williams and Michael Shuler fraudulently removed him from ownership of the company without

his knowledge, which he did not discover until recently. The Debtor contends that had he known

of this alleged fraud, he could have filed adversary proceedings against these individuals during

his bankruptcy case.

7.      The Debtor's complaint appears to rest upon the assertion that the State of Delaware does

not possess records containing the Debtor's name or address associated with Metal Foundations

LLC and, therefore, the above-named individuals must have stolen the business from him.

8.      United States Trustee staff met with the Debtor again on December 12, 2019; the Debtor

largely reiterated the complaints he made to the Court, although the United States Trustee notes

that the Debtor has not presented his allegations in a manner that is fully understandable.

9.      At the December 12, 2019 meeting, the United States Trustee specifically requested that

the Debtor detail facts that would warrant reopening this case. The United States Trustee was

unable to determine a basis to reopen through either discussions with the Debtor or review of

documentation that he provided. However, the United States Trustee notes that if the Debtor's

allegations are meritorious, the Debtor should have recourse in state court to obtain relief from

the above-named individuals for their alleged theft of his business.

10.     The United States Trustee asked the Debtor why he did not pursue litigation against the

above-named individuals in state court and the Debtor responded that he did not have the funds

to pay an attorney.  Of course, inability to pay attorney's fees in state court is not a basis to

reopen a bankruptcy case, particularly since the Debtor would presumably require legal

representation in bankruptcy court as well.

11.     Additionally, the United States Trustee notes that Metal Foundations LLC was placed in

receivership before its bankruptcy petition was filed on May 2, 2011 by Mr. Reinert.  The

receiver, Robert Noel, was appointed on March 16, 2011 by the United States District Court for

the Western District of Pennsylvania.  Although Mr. Noel initially opposed the bankruptcy filing

for Metal Foundations LLC, he later ratified the bankruptcy filing, which ratification was noted

by this Court by Order dated May 11, 2011.  **Exhibit A.**  Thus, any argument by Mr. Reinert that

Metal Foundations LLC was improperly placed in bankruptcy because the above-named

individuals stole the business from him before he filed the petition appears to be without merit

since the receiver for Metal Foundations LLC ratified the bankruptcy filing – making Mr.

Reinert's theft allegation irrelevant to the issue of whether Metal Foundations LLC was properly

placed in bankruptcy.

12.     The United States Trustee requested Mr. Reinert to explain why the Court's May 11,

2011 Order, which noted the receiver's ratification of the bankruptcy filing for Metal

Foundations LLC, did not preclude his request to reopen his bankruptcy case, which appears to

be based on a faulty assumption that Metal Foundations LLC was improperly placed in

bankruptcy.  Mr. Reinert did not provide an explanation.

13.     The United States Trustee cannot identify a meritorious basis to reopen this case.  In the

event that the Court is considering doing so, the Court may wish to afford parties in interest,

particularly the above-named individuals accused by the Debtor of committing fraud, an opportunity to be heard on this matter.

14.    Additionally, the United States Trustee recommends that the Debtor be required to explain to the Court the relief he seeks with greater specificity and to address whether the Court possesses the requisite jurisdiction to grant that relief.

15.    Finally, the United States Trustee is aware of no basis for keeping any document submitted by the debtor under seal and recommends that these proceedings be unsealed.

WHEREFORE, the United States Trustee respectfully submits this Report and Recommendation.

Respectfully submitted,

ANDREW R. VARA
UNITED STATES TRUSTEE
Region 3

Dated: January 23, 2020

By: /s/ Larry Wahlquist
Larry Wahlquist, Trial Attorney
DC ID 492864
Liberty Center, Suite 970
1001 Liberty Ave.
Pittsburgh, Pennsylvania 15222
(412) 644-4756 Telephone
(412) 644-4785 Facsimile
Larry.E.Wahlquist@usdoj.gov

**EXHIBIT A**

Case 11-22840-JAD    Doc 1797    Filed 01/23/20    Entered 01/23/20 10:58:31    Desc Main
Case 11-22843-JAD    Doc 43    Filed 05/11/11    Page 6 of 10    Entered 05/11/11 18:35:37    Desc Main
                              Document    Page 1 of 4

5/11/2011                                                                                    N

UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GARY L. REINERT, SR., | ) |
| Debtor. | ) Bankruptcy No. 11-22840-JAD |
| | ) Chapter 11 |
| | ) Document No_____ |
| | ) Related to Document No. 12 |
| POWER CONTRACTING, INC., | ) |
| Debtor. | ) Bankruptcy No. 11-22841-JAD |
| | ) Chapter 11 |
| | ) Document No _____ |
| | ) Related to Document Nos. 10 and 14 |
| MFPF, INC., | ) |
| Debtor. | ) Bankruptcy No. 11-22842-JAD |
| | ) Chapter 11 |
| | ) Document No _____ |
| | ) Related to Document Nos. 9 and 13 |
| METAL FOUNDATIONS, LLC | ) |
| Debtor. | ) Bankruptcy No. 11-22843-JAD  --FILED AT |
| | ) Chapter 11 |
| | ) Document No  42 |
| | ) Related to Document Nos. 10 and 15  AND 11 |
| DRESSEL ASSOCIATES, INC., | ) |
| Debtor. | ) Bankruptcy No. 11-22844-JAD |
| | ) Chapter 11 |
| | ) Document No _____ |
| | ) Related to Document Nos. 9 and 15 |
| FLYING ROADRUNNER, INC., | ) |
| Debtor. | ) Bankruptcy No. 11-22845-JAD |
| | ) Chapter 11 |
| | ) Document No _____ |
| | ) Related to Document Nos. 9 and 14 |
| GRILLE ON 7th, INC., | ) |
| Debtor. | ) Bankruptcy No. 11-228476-JAD |
| | ) Chapter 11 |
| | ) Document No _____ |
| | ) Related to Document Nos. 8 and 13 |

## CONSENT ORDER OF COURT

AND NOW, this 11th day of May, 2011, after notice and hearing on (i) Fifth Third

Bank's Emergency Motion to: (I) Dismiss Bankruptcy Petition Pursuant to 11 USC §§ 305 and

1112; or (II) Alternatively, to Modify the Abstention Provision and Appoint Receiver Pursuant to

11 USC § 543; or (III) to Appoint a Chapter 11 Trustee Pursuant to 11 USC § 1104, as filed in

{B0457175.1}

each of the above captioned cases (the "Fifth Third Bank Emergency Motion For Relief") and (ii)

the Expedited Motion For Dismissal Of Chapter 11 Case by Robert Noel, Receiver, as filed in

each of the above captioned cases, except that of Gary L. Reinert, Sr. (the "Receiver Motion to

Dismiss"), responses to the Fifth Third Bank Emergency Motion For Relief filed by Gary L.

Reinert, Sr. ("Mr. Reinert"); Power Contracting, Inc.; MFPF, Inc.; Metal Foundations, LLC;

Dressel Associates, Inc.; Flying Roadrunner, Inc. and Grille on 7th, Inc. (collectively, the

"Debtors"); PNC Bank, National Association and the M&E Trust, and the Debtors' responses to

the Receiver Motion to Dismiss, it is hereby Ordered, Adjudicated and Decreed as follows:

1.      Robert Noel, Receiver (the "Receiver") appointed by the United States District

Court for the Western District of Pennsylvania at Case Nos. 10-mc-353, 10-mc-354 and 10-mc-

355, by Orders dated March 16, 2011, has ratified of record before this Court the bankruptcy

filings by each of the Debtors herein, other than by Mr. Reinert, whose right to file a voluntary

petition for relief under the Bankruptcy Code, was not contested by the Receiver.  This Court will

retain jurisdiction over each of the Debtors' cases (together the "Cases"), which Cases were

filed on May 2, 2011 (the "Petition Date").  That portion of the Fifth Third Bank Emergency

Motion for Relief requesting dismissal of the Cases premised on alleged *ultra vires* acts of the

Debtors is denied.

2.      The Receiver Motion to Dismiss is withdrawn.

3.      That portion of the Fifth Third Bank Emergency Motion for Relief which requests

Dismissal of the Cases based upon other allegations contained therein, is stayed pending

further Order of this Court.  Fifth Third Bank may at any time in these proceedings file a Motion

requesting that the Court dismiss one or more of the Cases for any and all reasons, other than

the alleged *ultra vires* acts.

4.      Pursuant to Bankruptcy Code Section 1104(a), upon the requests and consents

in Court of the Debtor and other parties-in-interest, this Court Orders the appointment, of a

{B0457175.1}2

Chapter 11 Trustee (the "Trustee") by the United States Trustee, in accordance with Bankruptcy

Code Section 1104(d) and Federal Bankruptcy Rule 2007(C).

5.    Pursuant to Bankruptcy Code Section 543(d), the Receiver shall exclusively

continue in possession, custody and control of each bankruptcy estate's property, without

limitation (the "Assets"), until the Order approving the Trustee is entered on the Dockets of the

Cases.  Thereafter, the Receiver shall promptly comply with Section 543(b)(1).  Within thirty (30)

days thereafter, the Receiver shall file the accounting required by Section 543 (b)(2) (the

"Accounting").

6.    For purposes of this Order, Assets shall include, but are not limited to, each

Debtor's business books and records and similar data (the "Data"), regardless of the form of

such Data.  Any person or entity in possession of Data, other than the Receiver or his

professionals or agents, shall promptly turn over such Data to the Receiver.

7.    The Debtors and each of their employees, agents, officers, members, directors,

servants or others are, without approval of this Court and the written consent of the Receiver,

enjoined and precluded from dissipating, destroying, removing, or otherwise interfering with the

Assets or the Data.

8.    Within sixty (60) days after the Receiver files his Accounting, the Receiver and

any professionals who were initially engaged by him prior to the Petition Date may file

applications for compensation and reimbursements of costs, pursuant to Bankruptcy Code

Section 503(b) incident to pre-Petition Date activities and Section 543(c) for post-Petition Date

activities, including for the transition period, during which the Receiver is complying with Section

543(b).

BY THE COURT:

5-11.2011

Jeffery A. Deller
United States Bankruptcy Judge

**FILED**

**MAY 1 1 2011**

**CLERK, U.S. BANKRUPTCY COURT
WEST. DIST. OF PENNSYLVANIA**

{B0457175.1}3

CONSENTED AND AGREED:

_____
Donald R. Calaiaro, with permission
Donald R. Calaiaro
Calaiaro & Corbett, PC
Applicant Counsel to the Debtors


_____
Norman E. Gilkey
Erica L. Koehl
Babst Calland Clements & Zomnir, PC
Counsel to Robert Noel, Receiver

_____
David W. Lampl, with permission
David W. Lampl
Alisa N. Carr
Leech Tishman Fuscaldo & Lampl, LLC
and
Edward L. Filer
Clark Hill PLC
Co-Counsel to Fifth Third Bank

_____
Amy M. Tonti, with permission
Amy M. Tonti
Robert P. Simons
Reed Smith LLP
Counsel to PNC Bank, National Association

_____
Mark E. Freedlander, with permission
Mark E. Freedlander
Michael Roeschenthaler
McGuireWoods, LLP
Counsel to the M&E Trust
31132785.1

{B0457175.1}4

# Notice Recipients

District/Off: 0315−2                   User: emar                        Date Created: 5/11/2011
Case: 11−22843−JAD                     Form ID: pdf900                   Total: 49

**Recipients submitted to the BNC (Bankruptcy Noticing Center) without an address:**
cr        William S. Kaye, Liquidating Trustee of METrust
                                                                                        TOTAL: 1

**Recipients of Notice of Electronic Filing:**
ust       Office of the United States Trustee       ustpregion03.pi.ecf@usdoj.gov
aty       David W. Lampl            bankruptcy@leechtishman.com
aty       Donald R. Calaiaro       dcalaiaro@calaiarocorbett.com
aty       Heather A. Sprague on Behalf of the United States Trustee by        Heather.Sprague@usdoj.gov
aty       Mark E. Freedlander      mfreedlander@mcguirewoods.com
aty       Norman E. Gilkey         ngilkey@bccz.com
aty       Robert O Lampl           rol@lampllaw.com
                                                                                        TOTAL: 7

**Recipients submitted to the BNC (Bankruptcy Noticing Center):**
db        Metal Foundations, LLC          P.O. Box 121        Wildwood, PA 15091
intp      Frank Bucci       7599 Fifhel Drive North        Dublin, OH 43016
cr        Fifth Third Bank        Leech Tishman Fusacaldo & Lampl, LLC        525 William Penn Place        30th
          Floor        Pittsburgh, PA 15219
intp      Robert Noel       c/o Norman E. Gilkey, Esquire        Babst, Calland, Clements and Zomnir, P.C        Two
          Gateway Center        7th Floor        Pittsburgh, PA 15222
aty       Edward L. Filer         Clark Hill PLC        130 N. Michigan Avenue, Suite 2700        Chicago, IL 60601
13059259  BBEquipment Rental        RDO Trust #80−5800        10108 Riverford Road        Lakeside, CA 92040
13059260  Bank of America        P.O. Box 15710        Wilmington, DE 19886
13059261  Broadview Networks        P.O. Box 9242        Uniondale, NY 11555
13059264  CT Corp.        P.O. Box 4349        Carol Stream, IL 60197−4349
13059262  Capital One        P.O. Box 71083        Charlotte, NC 28272
13059263  Comdoc        P.O. Box 41601        Philadelphia, PA 19101
13059267  DRB Boring        4179 William Flynn Hwy        Allison Park, PA 15101
13059265  Delaware Secretary of State        Division of Corporations        P.O. Box 11728        Newark, NJ
          07101−4728
13059266  Denny Zeszutek        7 Pristine Place        Canonsburg, PA 15317
13059268  Dressel Associates, Inc.        P.O. Box 121        Wildwood, PA 15091
13059269  Economy        P.O. Box 60026        Pittsburgh, PA 15211
13059270  Federal Express        P.O. Box 371461        Pittsburgh, PA 15250
13059271  Fifth Third Bank        P.O. Box 630778        Cincinnati, OH 45263
13059272  First Generation Video        6 State Road        Suite 111        Mechanicsburg, PA 17050
13059273  Frontier Comm        P.O. Box 20567        Rochester, NY 14602
13059274  GAI Consultants, Inc.        385 E. Waterfront Drive        Homestead, PA 15120
13059275  Gary Reinert        P.O. Box 121        Wildwood, PA 15091
13059276  Gibaro, LLC        500 N. Estrella Parkway        Suite B2−288        Goodyear, AZ 85338
13059277  Internal Revenue Service        P.O. Box 7346        Philadelphia, PA 19101−7346
13059278  Jet Industries, LLC        700 Second Street        Ellwood City, PA 16117
13059279  Maico        936 N. Hwy 14        Ellsworth, KA 67439
13059280  Mazza Design Solutions, LLC        232 Center Grange Road        Aliquippa, PA 15001
13059281  Motzz Laboratory, Inc.        2113 S. 48th Street        Suite 109        Tempe, AZ 85282
13059282  Murphy Tractor &Equipment Co.        20400 Route 19 North        Cranberry Township, PA 16066
13059283  PA Department of Revenue        Bankruptcy Division        Dept. 280946        Harrisburg, PA 17128
13059284  PA UC Fund        P.O. Box 68568        Harrisburg, PA 17106
13059287  PKM Steel        P.O. Box 920        Salina, KS 67402
13059285  Pac Van        3781 Solutions Center        Box 773781        Chicago, IL 60677
13059286  Phone Plus        396 Holiday Park Drive        Pittsburgh, PA 15239
13059288  Power Contracting, Inc.        P.O. Box 121        Wildwood, PA 15091
13059289  Raytrans        P.O. Box 1719        Matteson, IL 60443
13059290  Safe Foundations, Inc.        P.O. Box 121        Wildwood, PA 15091
13059291  Smartstop Phoenix        3636 E. Washington Street        Phoenix AZ 85034
13059292  URS Corp.        501 Holiday Drive        Suite 300 Foster Plaza 4        Pittsburgh, PA 15220
13059293  VSI Sales, LLC        P.O. Box 866        Mars, PA 16046
13059294  William S. Kay Liquidating Trustee        c/o Michael J. Roeschenthaler, Esq.        625 Liberty Avenue        23rd
          Floor        Pittsburgh, PA 15222
                                                                                        TOTAL: 41